## PEARL NEWMAN v. THE STATE.

No. 4143. Decided June 23, 1916.

**Murder—Newly Discovered Evidence—Want of Diligence.**

Where the alleged newly discovered evidence was in direct conflict with defendant's testimony, and there was also lack of diligence and the motion was not supported by affidavit, there was no error in overruling the motion for a new trial.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. Vance Lewis,* for appellant.—On question of newly discovered evidence: Burns v. State, 12 Texas Crim. App., 269; Hutto v. State, 7 id., 44.

C. C. McDonald, Assistant Attorney General, for the State.—On question of newly discovered evidence: Campbell v. State, 29 Texas, 490; Sykes v. State, 53 Texas Crim. Rep., 165; Martin v. State, 57 id., 595:

HARPER, JUDGE.—Appellant was convicted of murder and her punishment assessed at five years confinement in the penitentiary.

No bills were reserved to the introduction of any testimony, and no exceptions were reserved to the charge as given, and no special charges were requested. Appellant's entire contention is based on alleged newly discovered testimony. In the first place the motion for new trial setting up newly discovered testimony is sworn to by no person, but if we consider the ground, appellant is wholly lacking in diligence, and no excuse is given in the motion for not exercising proper diligence. In the oral argument before this court appellant's counsel would state some grounds as an excuse for not exercising diligence prior to the trial, but we must consider the record as made in the trial court; for that is what the trial court had before it when he overruled the motion. Again, the alleged newly discovered testimony would not tend to support the testimony of appellant on the trial, but would make an entirely different state of facts to that testified to by appellant. In fact, there would be an almost direct conflict in her testimony and the alleged newly discovered testimony. As no sufficient diligence is shown, nor excuse given, there was no error in overruling the motion.

The judgment is affirmed.

*Affirmed.*